*J. Davis*, for the appellants.

---

THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* McPHETERS.

An award, to be of any validity, must, under the statute, be signed by an attesting witness, before the expiration of the official existence of the arbitrators.

Wednesday, June 15.

APPEAL from the *Monroe* Court of Common Pleas.

PERKINS, J.—*Joseph G. McPheters* and the *New Albany*

*and Salem Railroad Company* referred their pending differ-
ences to arbitration, making the submission a rule of the
Court of Common Pleas of *Monroe* county. The terms
of submission required that "the award should be reduced
to writing, and a copy thereof be delivered to each of said
parties, by the 13th day of *January*, 1857."

On the 10th day of *January*, the arbitrators pretended to
make their award. They returned over 1,000 dollars in
favor of *McPheters;* but on presenting the copy of the
award to the Court for entry of record, he showed to the
Court that, by a clerical error, it was for too large an
amount, and that the true amount awarded was 624 dol-
lars, 96 cents, and for that sum he asked that a rule to
show cause, &c., upon the other party be entered and
served.

The award was not signed by an attesting witness when
it was presented to the Court for entry of record, and the
Court permitted it to be then signed; but the copy of the
award delivered to the railroad company, never had the
name, or a copy thereof, of an attesting witness attached
to it. There was judgment, over the defendant's objection,
on the award.

We do not see how this judgment can be sustained.

The award of the arbitrators, by the terms of submis-
sion, was to be made by the 13th of *January*, 1857. It
was to be made in a statutory arbitration, as it was to be
made a rule of Court. It was necessary that the award
should be complete at that time, as the arbitrators, without
the consent of both parties, would have no power, to act
afterwards; and no consent for an extension of time was
given by the parties.

It is held, in *The Jeffersonville, &c., Co.* v. *Mounts,* 7 Ind.
R. 669, that an award, under the statute, to be of any val-
idity, must be attested by a subscribing witness. Ind. Dig.
133.—2 R. S. p. 229, § 9.

The award, then, in this case, before it could have any
validity, before, in fact, it could be an award, must neces-
sarily have been signed by an attesting witness.

It was not so signed before the 13th day of *January*,

May Term, 1859.

1857, the day by or before which the power of the arbitrators to act in the premises, ceased. It did not, then, become an award within the official existence of the arbitrators, and could not afterwards. At all events, no copy of a valid award was delivered to the railroad company, as it was not attested when such delivery was made.

It seems that no award has ever been made pursuant to the submission. 2 Phil. Ev. (ed. 1859), p. 404. The Court should not have permitted it to be filed as the foundation for a rule to show cause.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Baker*, for the appellants.